FERNANDO J. TONOS FLORENZÁN, demandante y apelante, *v.* CRISTINO BERNAZARD, demandado y apelado.

*Número:* O-81-335    *Resuelto:* 10 de septiembre de 1981

*Francisco Aponte Pérez*, abogado del apelante; *Héctor Urgell Cuevas*, abogado del apelado.

El Juez Asociado Señor Negrón García emitió la opinión del Tribunal.

I

Fernando J. Tonos Florenzán gestionó y obtuvo de la Comisión Estatal de Elecciones certificación para figurar como candidato a Representante por Acumulación por el Partido Popular Democrático en las pasadas elecciones del 4 de noviembre de 1980. Impugnada su candidatura, la Junta Revisora Electoral declaró nula su nominación por razón de no poseer el requisito de edad constitucional de 25 años. Dicho organismo concluyó que los cumpliría el 22 de febrero de 1981. Ese dictamen fue revocado por este Tribunal mediante sentencia de 31 de octubre de 1980 en la causa O-80-603, *Nogueras* v. *Tonos Florenzán*, 110 D.P.R. 356 (1980), fundada exclusivamente en la aplicación de la defensa de incuria, sin evaluar los méritos sustantivos sobre el aspecto de edad.

En los comicios celebrados cuatro días después, Tonos Florenzán resultó electo y fue certificado por la Comisión Estatal de Elecciones el 31 de diciembre de 1980.

Así las cosas, ni el 2 de enero como tampoco el 12 de enero de 1981 —fecha en que se inició la Novena Asamblea Legislativa— pudo jurar su cargo. Sostenía que cumpliría el requisito constitucional de edad el 22 de febrero y entonces podría hacerlo. El 19 de febrero la Cámara de Representantes, con 26 votos afirmativos, aprobó la Resolución Núm. 35 creando una Comisión Especial con la

encomienda de investigar y pasar juicio "sobre la validez legal de la radicación de la candidatura y la veracidad de la información en ella suministrada, de la validez del acta de elección, de la certificación, de la capacidad legal y de la calificación e integridad moral del Sr. Fernando José Tonos Florenzán para ocupar [su] cargo", instruyendo al Secretario de la Cámara que se abstuviera de tomarle juramento hasta que su calificación y validez fueran decididas por el pleno de ese cuerpo. Por tal razón tampoco pudo jurar.

Subsiguientemente esa Comisión, integrada por cuatro miembros de cada uno de los dos partidos políticos allí representados —con la presencia y participación en el proceso de Tonos Florenzán y sus abogados— celebró vistas públicas y recibió prueba oral y documental. La Comisión no pudo adoptar un acuerdo mayoritario aclarando y precisando la fecha de nacimiento en controversia y cada una de las delegaciones partidistas rindieron un informe por separado exponiendo su criterio particular. La representación del Partido Popular Democrático sostuvo que Tonos Florenzán cumplía con todos los requisitos constitucionales para ocupar el escaño, y la del Partido Nuevo Progresista lo contrario, aduciendo que estaba "imposibilitada de afirmar con certeza . . . la fecha de nacimiento . . . [por estimar] la evidencia en torno a este asunto . . . conflictiva . . .". El debate posterior en el hemiciclo culminó con una Resolución decretando vacante el escaño en cuestión a base del fundamento de la incertidumbre en la fecha de nacimiento aludida en el segundo informe.

Tonos Florenzán acudió al Tribunal Superior impugnando la actuación y resolución de la Cámara. Oportunamente el foro judicial —en una documentada opinión que abarca y analiza su jurisdicción sobre la materia, el carácter justiciable de la controversia y los poderes, actuaciones y limitaciones de la Cámara— declaró sin lugar la

demanda y sostuvo la ". . . validez de la exclusión del demandante, Fernando José Tonos Florenzán, por razón de que para el 2 de enero de 1981, fecha en que comenzó el término para el cual fue electo, no tenía la edad de 25 años que requiere la Constitución del Estado Libre Asociado de Puerto Rico para poder ser miembro de la Cámara de Representantes". Tonos Florenzán apeló.

## II

Ante nos plantea como errores el haber el tribunal de instancia: (a) resuelto que la prueba era insuficiente para sostener su exclusión, rehusar resolver la cuestión planteada y conceder el remedio solicitado; (b) usurpado las funciones adjudicativas de la Cámara al celebrarle un nuevo juicio de exclusión sin las garantías del debido proceso de ley; y (c) abusado de discreción y abdicado su función judicial al aplicar la doctrina de deferencia judicial.

La existencia de normas claras, precisas y sencillas de linaje constitucional que rigen la solución del caso derrotan los planteamientos del apelante e imperativamente excluyen del ámbito de discusión toda otra consideración. Veamos.

Nuestra Constitución, como estatuto supremo, en su Art. III, Sec. 5, fija expresamente como condiciones esenciales mínimas para ser miembro de la Cámara de Representantes: aptitud para leer y escribir, ciudadanía, residencia y haber "cumplido veinticinco años de edad". Con este último requisito la Convención Constituyente aspiró a "establecer los balances que se desean lograr en la organización legislativa mediante dos cámaras". *Diario de Sesiones de la Convención Constituyente*, 1961, T.4, pág. 2598. Íntimamente vinculado con la dinámica operacional de la edad, la Sec. 8 del mismo Art. III preceptúa que el *"término del cargo* de los Senadores y Representantes *comenzará* el día dos de enero inmediatamente siguiente a

la fecha en que se celebre la elección general en la cual hayan sido electos". (Énfasis nuestro.)(¹) Otras disposiciones del Código Político complementan este diseño constitucional y establecen que en esa fecha *se procederá al juramento del cargo.* Arts. 21, 22 y 20 (2 L.P.R.A. secs. 2, 3 y 4).

■■■ El acoplamiento y consecuencias lógicas de los artículos mencionados nos mueve a concluir que la edad necesaria para ser legislador es una condición indispensable que no puede estar sujeta al arbitrio de determinado candidato, partido político o de la Asamblea Legislativa. "[N]i podrán ser miembros de la Cámara de Representantes las [personas] que no hayan cumplido veinticinco años de edad", reza la Constitución, lo que conlleva una prohibición y exclusión *ex proprio vigore* que de manera absoluta y automática descualifica aquellos que no poseen esa edad mínima al momento en que constitucionalmente tienen que jurar y ocupar el cargo, a saber, el 2 de enero. Esta fecha predeterminada y exacta es en la que también por mandato constitucional, comienza el término del cuatrienio para los legisladores así electos. Cualquier otra interpretación infringiría la Constitución en los siguientes aspectos y dimensiones: (a) sería contraria y menoscabaría su texto; (b) afectaría la pronta ordenación y desarrollo normal de las labores de los cuerpos legislativos; (c) vulneraría y debilitaría el principio cardinal de adecuada representación en que descansa nuestra democracia; (d) dejaría al arbitrio de cada candidato o partido político, la determinación de si procede o no una nominación y, por ende, la decisión de cuándo se habrá de eventualmente ocupar un cargo legislativo, creando así incertidumbre en

---

(¹) El comienzo del término del cargo tiene varios efectos, entre ellos, permite que el Primer Ejecutivo pueda, a partir de ese momento, convocar a la Asamblea Legislativa para ésta considerar aquellos asuntos que ameriten pronta intervención.

la estabilidad y composición final del Poder Legislativo; (e) relajaría los requisitos constitucionales; y (f) expondría a que en épocas de crudo partidismo político la simple voluntad de una mayoría parlamentaria impusiera distintas exigencias sobre la capacidad de sus miembros, lo cual propiciaría un potencial abuso y privación de derechos.

Lo expuesto dispone del recurso. El apelante Tonos Florenzán acepta que al 2 de enero de 1981 no había cumplido los 25 años. Esa fecha es requisito constitucional para ser acreedor al escaño legislativo. No puede argumentarse válidamente que habiéndolos cumplido el 22 de febrero o en otra fecha posterior tendría derecho entonces a ocuparlo. El mero transcurso de tiempo no es suficiente para remediar y validar la carencia del requisito de edad mínima vital en el momento crucial y determinante en que constitucionalmente debe jurar: 2 de enero. [2]

*Se dictará sentencia confirmatoria.*

El Juez Asociado Señor Díaz Cruz no intervino.

---

[2] Bajo esta óptica es perfectamente compatible y debe entenderse la remisión que a la Cámara de Representantes este Tribunal hizo en *Nogueras* v. *Tonos Florenzán,* supra, sobre la facultad investigativa de la edad del apelante como "único juez de la calificación de sus miembros". Págs. 357–358. Obviamente el examen de la cuestión fue y pudo circunscribirse al 2 de enero de 1981. Que la Cámara estimara ampliar la búsqueda más allá de esa fecha o procediera a examinar otros extremos no desvirtúa la vigencia y aplicabilidad de la exigencia constitucional de edad ni afecta o anula la vacante decretada por ese Cuerpo.